**FLAVO–RICH, by Farmbest, A Division, Plaintiff**

**v.**

**LEROY QUINN, As Commissioner, Department of Finance, Government of the Virgin Islands and DOROTHY PLEASANT, District Director, U.S. Customs, Department of Treasury, Defendants**

Civil No. 1980/263

District Court of the Virgin Islands

Div. of St. Croix

July 13, 1981

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ALAN E. COBB, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Quinn*

SILVERLIGHT, *Judge, Sitting By Designation*

## MEMORANDUM AND ORDER

This case is before the Court on summary judgment motion by plaintiff Flavo-Rich. Plaintiff requests a declaratory judgment by this Court that ice cream is an exempt foodstuff under 33 V.I.C. § 42(a)IV.2, and thus not subject to a 3% excise tax.

33 V.I.C. § 42 deals with excise taxes on goods brought into the Virgin Islands for business use or sale. 33 V.I.C. § 42(a)IV states that clocks, watches, silverware, jewelry, cameras, projectors, all leather goods (excluding shoes), perfumes, outboard motors, all other articles, goods, merchandise, and commodities are subject to a 3% tax, with exceptions. Among the exceptions is 33 V.I.C. § 42(a)IV.2:

> 2. foodstuffs, defined as all nutritive matter intended for consumption for purposes of growth or repair or maintenance of the vital processes, but expressly excluding such items as confectionary, chewing gum, carbonated drinks, soda water whether flavored or unflavored, soft drinks, and other beverages, and all matters not consumed primarily for nutritive purposes;

The Virgin Islands Department of Finance treats ice cream as subject to excise tax. Presumably ice cream is considered as a "confectionary" and/or a matter "not consumed primarily for nutritive purposes" by the Department of Finance.

Defendant Leroy Quinn, Commissioner of Department of Finance, Government of the Virgin Islands argues that this case should be dismissed as it is not ripe for declaratory judgment, and that the decision of this Court would be an advisory opinion.

The Uniform Declaratory Judgments Act has been substantially adopted in the Virgin Islands at Chapter 89 of Title 5, 5 V.I.C. §§ 1261–1272. 5 V.I.C. § 1262 provides:

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Plaintiff's rights and legal relations *are* affected by 33 V.I.C. § 42 in that it must pay excise tax to the Virgin Islands Government under the statute. Further support for allowing plaintiff to pursue this suit is found in 5 V.I.C. § 1270:

This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.

However, plaintiff in this case has not filed a claim for refund of excise taxes paid. 33 V.I.C. § 1692(a), as amended, reads:

No action or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Commissioner established in pursuance thereof. Provided, however, that this section shall have no application to the allowance of credit for excise taxes paid on articles, goods, merchandise and commodities exported from the Virgin Islands, as provided in Section 42d, Title 33, Virgin Islands Code.

This statute technically does not preclude a declaratory judgment action here, as refund of taxes is not the relief requested. By providing an administrative avenue of relief, however, the statute blunts the need for declaratory relief. While the declaratory relief chapter is remedial and to be liberally construed, it should not be construed so as to be allowed to become an end-run around administrative channels.

■■ The decision to entertain a declaratory action is within the discretion of the Court. Great Cruz Bay Development Co., Inc. v. Dwight, et al., 1980 St. T. Supp. 238 (D.C. St. Thomas No. 80-149,

6/3/80). Generally, courts do not assume jurisdiction of declaratory judgment proceedings until administrative remedies have been exhausted; and where an appeal from an action of an administrative body is provided, declaratory judgment will be denied. 22 Am.Jur.2d, Declaratory Judgments § 15 (1965). See East Chop Tennis Club v. Massachusetts Commission Against Discrimination, 364 Mass. 444, 305 N.E.2d 507 (1973). The District Court in this jurisdiction has used its discretion to refuse to entertain a declaratory judgment action where an administrative appeal procedure was open and appropriate. Great Cruz Bay Development Co., Inc., Atlas Motor Inns, Inc. v. Edwin Hachette, et al., 1980 St. T. Supp. 144 (D.C. St. Thomas, No. 80-13, 5/23/80).

■ This Court finds that in the instant case the administrative appeal procedure is an open and appropriate forum for this issue. Were the Court to render a declaratory judgment in this instance, the efficacy and value of the administrative framework would be impaired. Thus, this case will be dismissed without prejudice at this time.

## ORDER

It is hereby ORDERED

That this case be, and hereby is, dismissed without prejudice.