**FLAV-O-RICH, INC., Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, LEROY QUINN, as Director of the Bureau of Internal Revenue of the GOVERNMENT OF THE VIRGIN ISLANDS, and CLAUDE CHRISTIAN, as Acting Commissioner of Finance of the GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 98/1983

District Court of the Virgin Islands

Div. of St. Croix

January 11, 1984

WARREN B. COLE, ESQ. (ISHERWOOD, HUNTER & COLIANNI), Christiansted, St. Croix, V.I., *for plaintiff*

JOHN J. RONCA, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS matter is before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Both parties submitted supporting memoranda and, on December 14, 1983, appeared for oral argument on the pending motions. For the reasons set forth herein, plaintiff's motion will be granted.

## I. FACTS

In this action plaintiff Flav-O-Rich, Inc. (Flav-O-Rich) seeks a judgment in its favor declaring that ice cream is a "foodstuff" exempt from the assessment of excise taxes under 33 V.I.C. § 42(a)IV.2. (Supp. 1982) and recovering taxes already improperly collected by defendants.[1]

Flav-O-Rich is a corporation engaged in the business of transporting ice cream into the Virgin Islands. Defendants have consistently assessed excise taxes on all ice cream imported into the Virgin Islands pursuant to their interpretation of 33 V.I.C. § 42(a)IV.2.

Claiming that this excise tax was improperly assessed, Flav-O-Rich requested a refund of $17,311.07 on December 13, 1982. The Virgin Islands Bureau of Internal Revenue rejected this claim in a letter dated December 21, 1982, stating that ice cream is a confectionary within the meaning of the statute and therefore subject to excise taxes. It also found that any claim relating to the period prior to 1980 is barred by the statute of limitations.

---

[1] This is not the first time this matter came before the Court. In Flav-O-Rich v. Quinn, 18 V.I. 530 (D.V.I. 1981), the case was dismissed without prejudice as the court found a declaratory judgment inappropriate until all administrative remedies were exhausted.

## II. DISCUSSION

A. *Ice Cream As "Foodstuff"*

The dispositive statute in this case, 33 V.I.C. § 42(a)IV.2., exempts "foodstuffs" from any excise tax. "Foodstuffs" is defined as:

all nutritive matter intended for consumption for purposes of growth or repair or maintenance of the vital processes including non-carbonated drinking water, but expressly excluding such items as *confectionary,* chewing gum, carbonated drinks, soda water whether flavored or unflavored, soft drinks, and other beverages, *and all other matters not consumed primarily for nutritive purposes.* (Emphasis added.)

The defendants claim that it is the policy of the Virgin Islands Bureau of Internal Revenue to apply the excise tax to ice cream because it is a confectionary and it is not consumed primarily to supply nourishment. Flav-O-Rich relies on the affidavits of two experts in the field of nutrition and publications of the United States Department of Agriculture to support its view that ice cream is not a confectionary.

A confectionary has been defined as something compounded, especially from sweet things (*The Concise Oxford Dictionary* (7th ed. 1982)), a sweet preparation of fruit or the like, as a preserve or candy (*The American College Dictionary* (1970)), and a mixture of fruits, nuts and morsels with sugar (*Webster's Third New International Dictionary* unabridged (3d ed. 1966).

The Code of Federal Regulations defines a confectionary as

candy and other food products made with sweeteners, and frequently prepared with colorings, flavorings, milk products, cacao products, nuts, fruits, starches and other materials. Such foods include but are not limited to frostings, toppings, and cake decorations. They do not include chewing gums, sauces, syrups, jellies, jams, preserves, cakes, or cookies.

21 C.F.R., § 118.3(b)(1983).

None of these definitions lead the Court to believe that ice cream was intended to come within the definition of confectionary. In fact, in the Code of Federal Regulations ice cream is included in a separate section dealing with Frozen Desserts, 21 C.F.R. § 135.110 (1983).

In order to be exempted from the excise tax, however, ice cream must be "consumed primarily for nutritive purposes" according to

33 V.I.C. § 42(a)IV.2. Flav-O-Rich maintains that the appropriate test is an objective one measuring the nutritive value of ice cream. Defendants, however, requested that the Court take judicial notice that ice cream is not consumed primarily for nutritive purposes but rather is a luxury item consumed as a dessert and/or treat. The Court refused to take such notice. In their memorandum of law, defendants predicted that if 50 people were polled as to whether they eat ice cream for nutritive purposes or as a luxury item, the response would be almost unanimously the latter. Defendants requested the opportunity to prove this by having witnesses testify as to why they eat ice cream. We believe the objective test of determining the actual nutritional value of ice cream is proper.

Both parties have acknowledged that ice cream has nutritional value. Additionally, Flav-O-Rich has submitted literature from the United States Department of Agriculture's Food and Nutrition Service Program which lists ice cream as a source of vitamins A and D, and calcium. The United States Department of Agriculture also publishes a Daily Food Guide which recognizes ice cream as a member of the Milk-Cheese Group, one of the basic food groups in the American Diet. It is noteworthy that the Daily Food Guide lists 1/2 cup of ice cream as having the equivalent amount of calcium as 1/3 cup of milk.

Further proof of the nutritional value of ice cream is in the form of an affidavit by Emerita N. Alcantara, Ph.D. in Nutritional Sciences and Assistant Director of Nutrition Research for the National Dairy Council, which states that ice cream can play an important role in meeting one's daily nutrients when used as part of a nutritionally balanced diet.

The fact that ice cream is enjoyable to eat, has a special taste for its devotees, and may be devoured equally for pleasure as for its nutritive value, does not rob it of its standing as a foodstuff. The law does not require that nutritive products be bland and tasteless, to be eaten only with a grimace.

When interpreting a statute such as 33 V.I.C. § 42(a)IV.2. it is important to look to the intent of the Legislature in enacting it into law. The Office of the Attorney General addressed this when deciding whether soft drinks came within the "foodstuffs" exemption. It found:

> The Legislature when enacting this section contemplated that necessities should be exempt from taxation and that this would therefore encompass food or food products for the nourishment

of the body. It was not intended that luxuries or non-essential items would be included in the exemption for "food products", which are not essential to the nourishment of the body.

4 Op. Att'y Gen. 305, 306 (1963).

■ We believe the better interpretation of the legislative intent did not indicate a test of necessity, but rather, by granting an exemption for foodstuffs, the Legislature intended to enhance the prospect of importing food with important nutritional value while taxing such items as gum, candy and soft drinks. The test of necessity is not borne out by present lists of foodstuffs exempt from excise taxes.

■ Another matter of statutory construction must be considered in order to support the Court's holding. It is a well settled rule that statutory exemptions from taxation, being a matter of grace, are to be strictly and narrowly construed. King Christian Enterprises v. Government of the Virgin Islands, 345 F.2d 633, 637 (3d Cir. 1965); Hess Oil Virgin Islands Corp. v. Quinn, 16 V.I. 380 (D.V.I. 1979).

■ After a thorough review of the record, we conclude that ice cream is a foodstuff within the meaning of 33 V.I.C. § 42(a)IV.2. It is not a confection and is of considerable nutritional value so as to be consumed primarily for nutritive purposes. For this reason, we hold that ice cream is exempt from excise taxes imposed by the Government of the Virgin Islands and Flav-O-Rich is entitled to a refund of all such taxes already paid and not barred by the statute of limitations.

B. *Time Period For Refund*

Although Flav-O-Rich concedes that any claim for a refund of taxes paid before December 13, 1979, is barred by the statute of limitations, the cut off date is still disputed.

The applicable statute is 33 V.I.C. § 1181(a) (1967) which provides:

Claim for credit or refund of an overpayment of any internal revenue tax imposed by this subtitle or the Virgin Islands income tax law in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was required to be filed (determined without regard to any extension of time) or 2 years from the time the tax was paid, whichever of such periods expires the later . . .

Flav-O-Rich submitted its application for a refund on December 13, 1982, thereby tolling the statute of limitations. It was denied on December 21, 1982. Flav-O-Rich claimed entitlement to the refund of taxes beginning in March 1977 but has since conceded its ineligibility to a refund of taxes paid before December 13, 1979.

██ We are not satisfied that this date is the correct cutoff date. The Court, however, is not in a position to make a final determination since the record does not indicate when the excise tax payments were actually made to the Virgin Islands Bureau of Internal Revenue. This data is essential in calculating which period expires later: three years from the time the return was required to be filed or two years from the time the tax was paid. 33 V.I.C. § 1181(a)(1967). We leave this for the parties to come to an agreement consistent with the Court's findings. If they cannot agree, we will receive further proof on that question and then determine the cutoff date.

## III. CONCLUSION

For the foregoing reasons, we declare that ice cream is a foodstuff, exempt from the assessment of excise taxes. Flav-O-Rich is therefore entitled to the refund of excise taxes already paid and not barred by the statute of limitations.

Judgment will enter accordingly.

## JUDGMENT

THIS MATTER is before the Court on cross-motions for summary judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT ice cream is a foodstuff exempt from the assessment of excise taxes; and

THAT the parties submit within 20 days of the date of this order the correct date upon which the statute of limitations bars a recovery of excise taxes already paid by plaintiff. If the parties cannot reach an agreement, the Court will receive further proof on the matter.