Jerry RIVERA, Plaintiff/Appellee,

v.

GOVERNMENT OF the VIRGIN ISLANDS, Defendant/Appellant.

Civ. No. 1984/288.

District Court, Virgin Islands,
D. St. Croix,
Appellate Division.

May 29, 1986.

John R. Coon, Christiansted, St. Croix, V.I., for plaintiff/appellee.

Cornelius Evans, Dept. of Law, Christiansted, St. Croix, V.I., for defendant/appellant.

## MEMORANDUM OPINION AND ORDER

DAVID V. O'BRIEN, District Judge.

At issue in this appeal is whether a union member, seeking statutory relief unrelated to a collective bargaining agreement, must first exhaust grievance procedures provided in the agreement prior to filing suit. Since we find he does not, we will affirm the decision of the Territorial Court.

## I. FACTS

The appellee, Jerry Rivera, ("Rivera"), was employed as a firefighter for the Virgin Islands Fire Service beginning in July of 1973. Rivera injured his back on January 6, 1979, when he fell into a cistern while fighting a fire. Rivera reinjured his back while fighting another fire on November 12, 1980.

Throughout this period Rivera experienced back pain. In spite of this pain Rivera returned to work; however, the pain became so severe that as of July 1982 he has been unable to continue working.

In September 1982 the Virgin Islands Government stopped paying Rivera's salary. Rivera attempted to rectify this problem arguing he should receive benefits pursuant to 3 V.I.C. § 584a. At the department's request, physicians examined Rivera and confirmed his inability to work. In spite of this certification, the Government continued to deny Rivera benefits mandated by 3 V.I.C. § 584a.

Rivera next sought assistance from the Virgin Islands Firefighters Association, the collective bargaining unit for all Virgin Islands firemen. On several occasions Rivera spoke with David LaFranque, the union president. Finally, on May 27, 1983, Rivera wrote Mr. LaFranque expressing dissatisfaction with Mr. LaFranque's efforts to resolve his problem concerning benefits.* The union did not respond.

Next, in March 1984, Rivera filed suit in the Territorial Court in March, 1984, to recover benefits pursuant to 3 V.I.C. § 584a. On the day of trial the Government filed a motion to dismiss. Although a copy of this motion was not included in the Government's appendix, we can determine the Government's position from the transcript of oral argument.[1]

The Government argued that the Territorial Court should dismiss the case for lack of subject matter jurisdiction because Rivera had not followed the grievance procedures provided in the collective bargaining agreement.

In response Rivera argued first that the grievance procedures provided in the agreement applied only to disputes arising from the agreement. Since the issue at trial,

---

**1.** We are appalled at the condition of the Government's brief and appendix. It is clear from this brief and appendix that counsel for the Government failed to consult the Federal Rules of Appellate procedure or the Third Circuit Rules and Procedures, both of which are made applicable to our Court by our Local Rule 21.

For example, the appellant has the obligation to prepare an appendix. Fed.R.Civ.P. 30(a). Rule 30, along with 3d Cir.R. 10(3) state the required contents of the appendix. The Government's appendix does not include the following required items:

1) all the relevant docket entries in the proceeding below;
2) all the relevant portions of the pleadings, charge, findings or opinion;
3) the judgment order or decision in question; and

4) the notice of appeal.

Counsel for the Government not only failed to follow the appropriate rules for filing an appendix but also failed to follow the appropriate rules in preparing his brief. Specifically, counsel failed to:

1) include any statement concerning whether the case had previously been before the court or whether any related case is or is about to be presented to the Court as required by 3d Cir.R. 21(1)A(d);
2) organize his brief as is required by 3d Cir. 21(1)A.
3) state the appropriate standard of review for each contention as required by 3d Cir.R. 21(1)A(e)(i); and
4) properly cite the one case contained in the table of authorities as required by 3d Cir.R. 21(1)A(e)(ii).

whether Rivera should receive the statutory benefits provided at 3 V.I.C. § 584a, was not part of the agreement, there was no requirement to exhaust the grievance procedures prior to filing suit. Second, Rivera argued he had tried to follow the grievance procedures however, the union refused to pursue the matter. Thus, his sole alternative was to file suit.

The Court reserved its ruling on the motion to dismiss until the close of the plaintiff's case and, at that time, the Court denied the motion.

As noted, the appellant's brief is patently inadequate. In its appendix the Government failed to include the order or decision from which it is appealing as required in Fed.R.App.P. 30(a)(3) and 3d Cir. R.10(3). *See supra* note 1. Because no judgment or order is included, we are confused as to the precise issue the Government is appealing. The Government characterizes the issue on appeal as:

> Lack of zeal cannot serve as an excuse for abrogation of the entire grievance process or can it?

We will interpret this statement as challenging the Trial Court's oral order to deny their motion to dismiss. Since the Government, as seen above, failed to pinpoint the precise problem with the Trial Court's decision, we will analyze two alternative theories, both of which support our decision affirming the Territorial Court.

## II. DISCUSSION

Initially we note it is unclear how the Trial Court viewed the motion before it, since the Court denied the motion without stating the reasons for its decision. This decision, however, can be supported by one of two alternative theories. Rivera either had no duty to arbitrate the issue or, after the Union failed to assist him in pursuing a grievance, no longer needed to pursue arbitration but could bring an action directly in the Territorial Court. Given the confines of our standard of review, we can affirm the Territorial Court on either theory.

### A) *Standard of Review*

At the outset we must make several points to clarify the proper standards of review which govern today's decision. As noted before, counsel for the Government failed to include in his brief, as required by 3d Cir.R. 21(1)A(e)(i), our appropriate standard of review. Rivera correctly complied with this rule submitting that our standard of review is plenary citing *Wisniewski v. Johns-Manville*, 759 F.2d 271, 273 (3d Cir. 1985) (standard of review for 12(b)(6) motions is whether taking the allegations of the complaint as true, it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief). For the reasons which follow, we do not think *Wisniewski* correctly describes our standard of review.

The Government's motion can not be characterized as an attack on the pleadings. Rather, the attack was on the appropriateness of hearing the case before Rivera had exhausted his procedural remedies under the collective bargaining agreement. As stated, one of two theories could have supported the Trial Court's decision to deny the motion. Our review of these theories call for different standards of review.

The issue of whether the Trial Court should have required Rivera to exhaust his contractual remedies under the grievance procedure prior to accepting jurisdiction is analogous to a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Our review in this situation is still plenary, however, the standard set forth in *Wisniewski* seems to apply to review of attacks on the pleadings. Other cases involving review of subject matter jurisdiction issues are closer to the facts before us. *C.f. Shahmoon Industries, Inc. v. Imperato*, 338 F.2d 449, 451 (3d Cir.1964) (if necessary federal court must inquire sua sponte regarding necessary jurisdictional facts of case even if pleadings are sufficient). *See also Pharmadyne Laboratories, Inc. v. Kennedy*, 596 F.2d 568, 570 n. 3 (3d Cir.1979).

Alternatively, if the Trial Court denied the motion to dismiss because Rivera had been thwarted in his efforts to exhaust the grievance *procedures* our stan-

dard of review is mixed. The determination that the issue before the trial court was covered by the collective bargaining agreement is a question of law. Whether Rivera had made sufficient efforts to process the grievance is a question of fact. For mixed questions of law and fact a reviewing court must separate an issue into its component parts and apply a clearly erroneous standard to the factual component and a plenary standard to the legal component. *C.f. Ram Const. Co., Inc. v. American States Ins. Co.*, 749 F.2d 1049, 1953 (3d Cir.1984) (in contract action in which legal operation of words is intertwined with their interpretation, a reviewing court should separate the issue into its respective parts, applying the clearly erroneous test to the factual component, the plenary standard to the legal).

With these relevant legal standards in mind, we will now address the merits of this appeal.

### B) *Issue Before Trial Court was not Covered by the Collective Bargaining Agreement*

The law does not require a party to arbitrate a labor dispute. *Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974). The law compels a party to arbitrate his grievance only if he has contracted to do so. *Gateway*, 414 U.S. at 374, 94 S.Ct. at 635.

■ Generally, a grievance should be arbitrated unless the arbitration clause is not susceptible of an interpretation that covers the dispute. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 579, 582–83, 80 S.Ct. 1347, 1351, 1352–53, 4 L.Ed.2d 1409 (1960).

■ In the present case Rivera alleges a cause of action for disability benefits provided in 3 V.I.C. § 584a.[2] Rivera makes no allegations that the Government breached any obligation under the collective bargaining agreement. Those portions of the collective bargaining agreement included in the Government's appendix indicate the grievance procedure shall be the exclusive means for settlement of all grievances. Grievance is defined in the agreement as "a complaint, dispute controversy between the parties as to the interpretation or application of this Agreement."

Clearly, the dispute at issue before the Trial Court was a statutory dispute concerning section 584a and not a contract dispute. We therefore affirm the Trial Court's decision to deny the motion to dismiss because Rivera had no obligation to exhaust the contractual grievance procedures.

### C) *Union Member Need Not Exhaust Grievance Procedure when the Union does not Prosecute the Grievance*

■ Even assuming the Trial Court had found that the dispute was covered by the collective bargaining agreement, the court could have found that Rivera was thwarted in his efforts to prosecute his grievance. If a union refuses to prosecute a grievance, a union member can seek judicial relief without exhausting the grievance procedure. *Vaca v. Sipes*, 386 U.S. 171, 185–86, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Additionally, a perfunctory handling of a grievance by the union will also excuse exhaustion of grievance procedures. *Vaca*, 386 U.S. at 194, 87 S.Ct. at 918. *See also*

---

**2.** This section provides in relevant part:

d) Notwithstanding any other provisions of this Code, any member of the ... Virgin Islands Fire Service who is a government employee, who through no fault or misconduct on his part, is disabled by injuries received in the discharge of his duties as a ... fireman ... or who, as a result of illness attributable to such duties, shall, upon recommendation of ... [the] Director of the Virgin Islands Fire Service ... and when certified by a duly licensed physician or physicians designated by said Director ... stating that said fireman ... is physically or mentally incapacitated for the

performance of his ... [duties] ..., be paid the full amount of his regular compensation or wages until his disability arising therefrom has ceased, or until such time as such physician or physicians shall certify to the ... Director of the Virgin Island Fire Service ..., that said person has recovered and is physically fit to perform his duties or that such person is permanently disabled and unfit to perform such duties and shall recommend that said person be retired from government services as provided by law.

5 V.I.C. § 584a(d).

*Smith v. Pittsburgh Gage and Supply Company,* 464 F.2d 870, 875 (3d Cir.1972) (exceptions to the requirement that employee exhaust arbitration procedures in labor contract before coming to court include arbitrary refusal or perfunctory handling of a grievance by a union and circumstances which would make arbitration futile).

█ Since we must defer to the Trial Court's findings of fact, we find that there is ample evidence in the record to support the conclusion that Rivera's grievance was handled in a perfunctory manner and that further efforts on his part would be futile.

For example, during argument for the motion to dismiss the following exchange occurred between the court and the attorney for the Government:

ATTORNEY CANNON: I don't debate the time factor as being reasonable. I do feel that from what we have heard so far that there is no action—whether or not there was any action on the part of the union, there was lack of commitment at the time, on behalf of the plaintiff to work with union.

THE COURT: What evidence do we have before us that Mr. Rivera didn't want to deal, to work, with the union?

ATTORNEY CANNON: He says from his own testimony—

THE COURT: Or that the union did not work with him?

MR. CANNON: I don't think there is any evidence that says that the union didn't want to work with him, outside of Mr. Rivera saying they were not doing anything for him, and that was it.

THE COURT: I am trying to ascertain the evidence indicating that. The only evidence I have before me, is that he communicated verbally with the union approximately two items. He subsequently followed up with a letter. Are you saying that there were other steps he should have taken for the union to do something?

ATTORNEY CANNON: That's correct.

THE COURT: For example?

ATTORNEY CANNON: It seems to me that his membership in the union requires that he demanded the union to take his position.

THE COURT: How do you go about making demands when the union is refusing to assist? [3]

Given this exchange, and the letter from Rivera to the Union, which is included in the record in the supplemental appendix submitted by Rivera, the Trial Court could easily have concluded the Union had not assisted Rivera and any further attempts to process the grievance would be futile.

### CONCLUSION

In summary, the Trial Court's decision must be affirmed on either of the two theories mentioned above. We find the Trial Court's decision correctly applied the relevant legal standard in either of the alternative theories. Additionally, we defer to the Trial Court's findings of fact, as noted in the above quotation, as supporting a decision to deny the motion.

---

**3.** George Cannon, Esq., was counsel for the Government at trial.