## ST. THOMAS & ST. JOHN POLICE BENEVOLENT ASSOCIATION, Plaintiff

### v.

## GOVERNMENT OF THE VIRGIN ISLANDS, and MILTON FRETT, Commissioner V.I. Police Department, Defendants

Civil No. 417/92

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 20, 1992

DENNIS W. HEILEMAN, ESQ., St. Thomas, V.I., *for plaintiff*

ALLEN POPPLETON, ESQ., Assistant Attorney General (Office of Collective Bargaining), St. Thomas, V.I., *for defendants*

HODGE, *Presiding Judge*

### MEMORANDUM OPINION

#### I. *Introduction*

The issue presented in defendants' Motion to Dismiss are (1) whether a union must exhaust its administrative remedies pro-

vided in the collective bargaining agreement (CBA) if the dispute concerns disability benefits for one of its members prescribed by statutory law, and (2) whether by virtue of 24 V.I.C. Section 345, which prohibits the court from granting injunctive relief except in certain instances, this court is without jurisdiction to hear this matter. For the following reasons the court answers both questions in the negative.

## II. *Procedural Background*

On April 23, 1992 plaintiff, St. Thomas and St. John Police Benevolent Association (PBA) filed its complaint and application for a Temporary Restraining Order accompanied with an affidavit executed by Carmen Ramos, a disabled police officer on whose behalf plaintiff brought the action for injunctive relief. On May 7, 1992 plaintiff served its request for Production of Documents on defendants and on May 20, 1992, defendants filed this instant motion to Dismiss the complaint and application for a Temporary Restraining Order.

## III. *Facts*

Police Officer Carmen Ramos is a member of the Virgin Islands Police Force and as such is represented by the PBA, the Union which represents police officers. On or about December 25, 1990 Officer Ramos, while acting in the course and scope of her duties suffered a job disabling injury. She was entitled to and received workmen's compensation benefits from the defendants pursuant to Title 3 V.I.C. Section 584a. A physician designated by defendant Milton Frett, Commissioner of the Police Department, certified that Officer Ramos is incapacitated and disabled from performing her duties as a police officer. The physician, however, has not certified that officer Ramos is able to return to her duties or that she is permanently disabled from performing her duties. In May of 1991 defendants terminated Officer Ramos disability payments. The matter was grieved by the PBA on behalf of Officer Ramos and in accordance with the CBA. The matter was resolved when Officer Ramos' workmen's compensation benefits were reinstated. However, in November of 1991 Officer Ramos' benefits were terminated again. The PBA filed its motion for a Temporary Restraining order requesting this court to order the defendants to reinstate Officer Ramos' benefits at least until a court hearing is held on the matter.

Defendants now bring this Motion to Dismiss the complaint and the Motion for a Temporary Restraining Order.

## IV. *Discussion*

Defendants make the following arguments:

(1) This case involves or grows out of a labor dispute and therefore pursuant to 24 V.I.C. Section 345 this court has no jurisdiction to grant the injunctive relief requested.

(2) Plaintiff has failed to exhaust the exclusive grievance and arbitration remedy provided in the CBA.

In opposition, plaintiff argues that the requirements of 24 V.I.C. Section 345 are present, and that an independent jurisdictional basis exists under 24 V.I.C. Section 383. Additionally, plaintiff argues that the dispute is not within the meaning of the word "grievance" provided in the CBA and therefore the plaintiff need not exhaust the grievance and arbitration remedy outlined in the CBA. Further, plaintiff argues that there is no dispute over the interpretation or performance of the CBA but only a dispute pertaining to the interpretation of 3 V.I.C. Section 584a(d).

*A. Jurisdiction*

Title 24 V.I.C. Section 345 states in pertinent part:

Section 345  Grounds for issuing injunctions; temporary order; undertaking

No court of the Virgin Islands shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect:

(a) that acts of fraud or violence have been threatened and will be committed unless restrained, or said acts have been and will continue to be committed unless restrained; . . .

(b) that substantial and irreparable injury to complainant's physical property will result;

(c) that as to each item of relief sought on each allegation greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief.

(d) that complainant has no other adequate remedy at law; and

(e) that the public officers charged with the duty to protect the property of the Complainant are unable or unwilling to furnish adequate protection.

The hearing shall be held after due and personal notice thereof has been given, in such manner as the court shall direct, to all known persons against whom relief is sought, and also to the Police Commissioner.

A labor dispute is defined in 24 V.I.C. Section 349(c) as:

"any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment regardless of whether or not the disputants stand in the proximate relation of employer and employee."

■ ■ Defendants contend that this matter clearly involves or grows out of a labor dispute because a labor dispute includes any controversy concerning terms and conditions of employment, and this case concerns one of the terms and conditions of employment; namely, job-related disability benefits. While at first blush this interpretation appears to have some merit, a closer review of that provision defining a labor dispute reveals otherwise. Officer Ramos' dispute with defendants is not over any terms or conditions of her employment nor is it a dispute over negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment. Her dispute with defendants is over their interpretation of how she should receive her disability benefits as prescribed under local law, 3 V.I.C. Section 584a. This dispute is therefore not a labor dispute but a dispute over the interpretation of statutory law. Thus, 24 V.I.C. Section 345 is not applicable to this case and therefore this court has jurisdiction to hear this matter.

*B. Exhaustion of Remedies*

Defendants' contention that Officer Ramos' job-related disability benefits claim is a contractual claim, not a statutory claim and therefore must be processed under the procedures set forth in the CBA rather than through litigation in this case, is misplaced.

Article III Section 3 of the CBA between the Government of the Virgin Islands and the PBA, states as follows:

144

"Section 3: Disability Leave
An employee who is disabled by injuries received in the discharge of his duties shall be entitled to such benefits as prescribed by Title 3, V.I. Code, Section 584a(d)."

This section of the CBA makes it abundantly clear that a police officer who becomes disabled by injuries while performing his or her duties, such as Officer Ramos, shall benefit from the provisions in 3 V.I.C. Section 584a(d).

Article V Section 1 of the CBA which outlines the Grievance procedures police officers must follow defines grievance as follows:

"A. A grievance is defined as a complaint in the form of a dispute or controversy relating to or arising from the interpretation or performance of this agreement . . ."

The Appellate Division of the Virgin Islands District Court dealt with a similar case involving 3 V.I.C. Section 584a in Rivera v. Government of the Virgin Islands, 635 F.Supp. 795 (DVI 1986). In Rivera v. Government of the Virgin Islands, supra, Rivera was a firefighter for the Virgin Islands Fire Service who injured his back and attempted to receive disability benefits. Despite his certification from a licensed physician that he was unable to work, the Government continued to deny Rivera disability benefits. Rivera sought assistance from the Union but the Union did not respond. Rivera then filed suit in Territorial Court to recover benefits pursuant to 3 V.I.C. Section 584a. The Collective Bargaining Agreement for firefighters included similar language for disability leave and grievance procedures as the CBA for police officers in this case. Even though the CBA for firefighters included grievance procedures, the court nevertheless held:

"clearly, the dispute at issue before the trial court was a statutory dispute concerning section 584a and not a contract dispute. We therefore affirm the Trial Court's decision to deny the Motion to dismiss because Rivera had no obligation to exhaust the contractual grievance procedures."

Based on the ruling in Rivera, the issue before this court is therefore easy. The Disability Leave provision in the CBA makes it clear that Police Officers injured while performing their duties are entitled to the benefits under 3 V.I.C. Section 584a(d). The Commissioner of the Virgin Islands Police Department and the V.I. Government cannot frustrate a clear mandate of law by using the

grievance provision of the CBA to forestall the granting of disability benefits. The dispute involved here is not over any employment term or consideration but is whether the Virgin Islands Police Department is in compliance with 3 V.I.C. Section 584a(d). Because the court holds that the issue is a statutory dispute concerning the interpretation of Section 584a and not a contract dispute, the PBA need not exhaust the grievance and arbitration remedies provided under the CBA.

*C. Conclusion*

■ Therefore, based on the foregoing, this court has jurisdiction to hear this statutory dispute concerning 24 V.I.C. Section 584a. The court also holds that a union need not exhaust its administrative remedies provided in the collective bargaining agreement if the dispute concerns the interpretation of statutory law. Accordingly, the defendants Motion to Dismiss will be DENIED.