**KELVIN WILLIAMS, Plaintiff**

**v.**

**KAREN BLYDEN, Director of Personnel; GINA HARRISON, Director of Bureau of Corrections, Department of Justice; ROY L. SCHNEIDER, Governor of the Virgin Islands; GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 687/1998

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

October 16, 2002

90

**KARL R. PERCELL, ESQ.,** Law Offices of Percell & Hermon-Percell, P.C., St. Thomas, VI, *Attorney for Plaintiff*

**WAYNE G. ANDERSON, ESQ.,** Assistant Attorney General, Department of Justice, St. Thomas, VI, *Attorney for Defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION

(October 16, 2002)

THIS MATTER came before the Court on Plaintiff's action for declaratory judgment. Defendants moved to dismiss and/or for summary judgment pursuant to Rules 7, 10, 12, and 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure and supported by affidavits and various discovery documents. Plaintiff never responded to Defendants' motion. The aforementioned motions and supporting documents have been reviewed, and this Court finds that the facts and evidence support declaratory judgment in Plaintiff's favor as a matter of law. Defendants' motion, therefore, will be denied.

## I. Factual and Procedural Background

At some point prior to September 1989, Plaintiff earned one hundred and eighty (180) credit hours from Alabama State University toward a Bachelor of Arts ("B.A.") degree. On September 18, 1989, Plaintiff was

hired as a Corrections Officer in a classified position with the Department of Justice, Bureau of Corrections ("BOC"). He requested, but was denied, a ten percent (10%) career incentive pay differential ("pay differential") for his credits earned, pursuant to the Career Incentive Pay Program 3 V.I. CODE ANN. § 570, as amended.

In June 1992, Plaintiff requested leave with pay in order to complete the requirements for a B.A. degree. However, he was granted leave without pay from December 1992 until May 29, 1993,[1] at which time he was awarded a B.A degree. Upon his return to his position at the BOC, Plaintiff renewed his request for a pay differential, but it was denied. However, beginning on or about January 10, 1996, the BOC paid Plaintiff a twenty percent (20%) pay differential, presumably for obtaining his B.A. degree. Plaintiff moves this Court for declaratory relief based on his interpretation of 3 V.I. CODE ANN. § 570, as amended, and seeks a declaration that he is entitled to the twenty percent (20%) pay differential from May 30, 1993 until January 10, 1996.

Plaintiff does not claim to have pursued any administrative remedies, and neither party indicates when or if Plaintiff submitted the required paperwork to be approved for the pay differential. Defendants claim that (1) Plaintiff is barred from this action by the applicable statute of limitations, (2) Plaintiff's failure to exhaust his contractual and administrative remedies defeats this Court's subject matter jurisdiction, and (3) Plaintiff has no standing to pursue his claim in an individual capacity, without joining the Union[2] as a party. For the reasons which follow, we do not find these arguments persuasive.

## II. Jurisdiction

This Court has jurisdiction pursuant to 5 V.I. CODE ANN. § 1262, as further described in footnote 3, *infra*.

---

[1] Defendants dispute these dates, asserting that Plaintiff's leave of absence was from January 13, 1993 until July 13, 1993. However, they do admit albeit contradictorily that Plaintiff returned to the BOC on or about May 30, 1993.

[2] United Industrial, Service, Transportation, Professional & Government Workers of North America Seafarers International Union of North America.

## III. Standard For Summary Judgment

"The standard for granting summary judgment on a request for a declaratory judgment is the same as for any other type of relief." *Cloverland-Green Spring Dairies, Inc. v. Pennsylvania Milk Marketing Bd.*, 298 F.3d 201, 210 n.12 (3d Cir. Pa. 2002). When a party seeks adjudication in the form of summary judgment, the Court is governed by Rule 56 of the Federal Rules of Civil Procedure, as applied to this court by Rule 7 of the Territorial Court Rules.

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Green v. Hess Oil Virgin Islands Corp.*, 29 V.I. 27, 30 (Terr. Ct. St. C. 1994). The movant bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit. *Ferris v. V.I. Industrial Gases, Inc.*, 23 V.I. 183 (D.C.V.I. 1987). All reasonable inferences must be made in favor of the non-moving party. *In re Tutu Water Wells Contamination Litig.*, 78 F. Supp. 2d 456 (D.C.V.I. 1999). This applies even where a party does not respond to a summary judgment motion, so judgment must be denied unless the movant meets its initial burden of showing the absence of material facts in dispute. *Carty v. Hess Oil Virgin Islands Corp.*, 78 F. Supp. 2d 417, 419 n.2 (D.C.V.I. 1999) (citing *Ascencio v. Ramirez*, 20 V.I. 508, 512 (D.V.I. App. 1984)). However, a "mere scintilla of evidence in support of the [opponent's] position will be insufficient; there must be evidence on which the jury could reasonably end for the [opponent] ... by a preponderance of the evidence." *Anderson*, 477 U.S. at 252.

## IV. Discussion

When deciding an action for declaratory judgment, a trial court must declare the parties' respective rights and obligations: "Any person ... whose rights, status or other legal relations are affected by a statute ... may have determined any question of construction or validity arising

under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." 5 V.I. CODE ANN. § 1262. Plaintiff asks this Court to determine the meaning of 3 V.I. CODE ANN. § 570, a provision granting pay differential for educational accomplishments. The main issues presented are (1) whether Plaintiff is entitled to an educational pay differential according to section 570 for the period between May 29, 1993 and January 10, 1996; (2) whether Plaintiff initiated this matter within the applicable statute of limitations; (3) whether Plaintiff's claims fall under the collective bargaining agreement between the parties, and if so, whether Plaintiff failed to exhaust his administrative and contractual remedies, thereby denying this court's subject matter jurisdiction[3]; and (4) whether Plaintiff has standing to bring this action in his individual capacity.

## A. Plaintiff Is Entitled to an Educational Pay Differential.

The Virgin Islands Code established "a career incentive pay program offering pay differentials to corrections officers of the Bureau of Corrections ... as a reward for furthering their education in the field of corrections work beyond the minimum qualifications set forth in the job class specifications for positions held by such employees." 3 V.I. CODE ANN. § 570(a). All corrections officers who qualify are eligible for some type of pay increase or differential at the time of hire. "An employee in a position subject to this subchapter shall be paid at the rate within the grade of his position determined in accordance with this chapter together with any pay differential applicable to him provided under this subchapter." 3 V.I. CODE ANN. § 556. "New appointments shall normally be made at the minimum rate of the appropriate grade plus any applicable pay differential." 3 V.I. CODE ANN. § 557. The only question that remains is whether Plaintiff qualified for a pay increase.

---

[3] Defendants contend that Plaintiff's failure to exhaust remedies defeats this Court's subject matter jurisdiction. However, there is no consensus regarding this idea. Some courts have found that failure to exhaust is in the nature of statutes of limitations and does not affect a court's subject matter jurisdiction. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999); *Hornsby v. U.S. Postal Service*, 787 F.2d 87, 89 (3d Cir. 1986); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-98 (1982). The latter interpretation applies to the present case and disposes of Defendants' argument.

■ Before a corrections officer may qualify for this program, he must meet certain requirements. All degrees used as a basis for a pay differential must be earned in an accredited educational institution. 3 V.I. CODE ANN. § 570(c). Plaintiff's degree was earned at Alabama State University, an educational institution accredited by the Southern Association of Colleges and Schools. Virgin Islands law also requires that any courses taken must be "in fields which are related to the performance by the employee of present or possible future official duties with the Bureau of Corrections in order to increase the knowledge, proficiency, ability, skill and qualifications of the employee in the performance of his official duties." 3 V.I. CODE ANN. § 570(c). Once the relevance of the degree is established according to Section 570(d), the statute requires a twenty percent (20%) pay increase for a baccalaureate degree. 3 V.I. CODE ANN. § 570(b)(5). Plaintiff has a B.A. degree in Recreation, with a minor in Psychology. There is no doubt that Plaintiff's degree in these two fields enhances his qualifications and ability to perform his duties as a corrections officer, and therefore, he qualifies for the twenty percent (20%) pay differential.

The statute makes certain formalistic requirements before an employee may be awarded this educational pay incentive. Pay differentials falling under this career incentive pay program must be added to the basic compensation of employees effective the first pay period following receipt and verification of official transcripts by the Director of Personnel. 3 V.I. CODE ANN. § 570(d). Transmittal of all transcripts to the Director of Personnel is the responsibility of the employee who wishes to be a beneficiary of the act. 3 V.I. CODE ANN. § 570(d).

■ No motion before this court addresses this requirement, and there is no evidence as to whether Plaintiff completed the formal transcript submission and verification process. Therefore, we will remand this matter to the BOC for further proceedings to determine, via the internal grievance procedure, the sole fact issue of whether and/or when Plaintiff submitted the paperwork required by 3 V.I. CODE ANN. § 570(d). If the BOC determines the date of Plaintiff's submission, Defendants shall be obligated to pay the amount of pay differential Plaintiff would have been paid beginning on the pay period immediately following the date of submission. If the BOC determines that Plaintiff did not make a submission at any time, Plaintiff will not be entitled to a pay differential

from May 30, 1993 until January 10, 1996. However, this will not affect his current entitlement to any pay differentials. On the contrary, Defendants have waived this defense and may not validly deny Plaintiff any pay differential payments which have been or are currently being paid to Plaintiff.

## B. Plaintiff Initiated This Matter Within the Applicable Statute of Limitations.

■ Defendants contend that Plaintiff is barred by the applicable statute of limitations, but do not specify to which statute of limitations they refer. The Virgin Islands Code establishes the time for commencement of various actions at 5 V.I. CODE ANN. § 31: "Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." The statute at issue here, 3 V.I. CODE ANN. § 570, does not provide a specific statute of limitations; therefore, the general six-year limitations period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture" is applicable. 5 V.I. CODE ANN. § 31(3)(B). Plaintiff initiated this action in September of 1998 for payment of educational pay differential beginning in May 1993—less than six (6) years after the date his claim accrued. Therefore, Plaintiff s claim was timely.

## C. Plaintiff Need Not Exhaust Administrative Remedies.

Defendants also claim that Plaintiff was required to exhaust the administrative remedies available to him before bringing this action. The exhaustion of remedies doctrine, a more focused version of the ripeness doctrine, concentrates on whether the complainant has availed himself of all administrative remedies. *General Offshore Corp. v. Farrelly,* 743 F. Supp. 1177, 1190 (D.V.I. 1990). "Generally, courts do not assume jurisdiction of declaratory judgment proceedings until administrative remedies have been exhausted; and where an appeal from a action of an administrative body is provided, declaratory judgment will be denied." *Flavo-Rich v. Quinn,* 18 V.I. 530, 533 (D.V.I. 1981) (internal citations omitted).

However, exhaustion is *not* required when the challenged agency action presents a clear and unambiguous violation of statutory rights. *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619

F.2d 231, 245 (3d Cir. 1980). *See also, e.g., LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Commission*, 866 F.2d 616, 620-21 (3d Cir. 1989); *Flying Tiger Line v. Teamsters Pension Trust Fund*, 830 F.2d 1241, 1252-53 (3d Cir. 1987); *Republic Indus., Inc. v. Central Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982); *Bethlehem Steel Corp. v. EPA*, 669 F.2d 903, 907-10 (3d Cir. 1982). "[A] union need not exhaust its administrative remedies provided in the collective bargaining agreement if the dispute concerns the interpretation of statutory law." *St. Thomas & St. John Police Benevolent Assoc. v. Government of the Virgin Islands, et al.*, 27 V.I. 141, 146 (1992). In contrast, a dispute over any terms or conditions of employment, such as "negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment" constitutes a labor dispute, which is vulnerable to the administrative remedies requirement. *Id.*, at 144.

Even where a statute is made a part of and cited in the agreement, a dispute under it is not a labor dispute. In the case at bar, a copy of the entire collective bargaining agreement ("CBA") is not provided, but Defendants have conceded that the CBA names the educational pay differential statute at issue (3 V.I. CODE ANN. § 570). Pay is certainly a term of employment, and, as such, could be interpreted as involving a labor dispute which is first subject to resolution by administrative remedies or arbitration. However, the pay differential at issue is mandated by statute, transforming a condition of employment into a statutory right. Plaintiff coot be prevented from determining his rights under the statute in a court of law.

In the case of *Rivera v. Government of the Virgin Islands*, 635 F. Supp. 795 (D.V.I. 1986), a firefighter injured his back and attempted to receive disability benefits. Despite his certification from a licensed physician that he was unable to work, the Government continued to deny Rivera his disability benefits. He sought assistance from the Union, but the Union did not respond.

Rivera then filed suit in Territorial Court to recover benefits pursuant to 3 V.I. CODE ANN. § 584a. The collective bargaining agreement for the firefighters included language similar to the CBA grievance procedures in the case at hand. Even though the firefighters' collective bargaining agreement included grievance procedures, the court nevertheless denied the government's motion to dismiss, concluding that the dispute was not

only contractual, but also statutory; therefore, Rivera had no obligation to exhaust the contractual grievance procedures.

■ Notwithstanding the foregoing arguments, whether to command that remedies be exhausted is ultimately a matter for "sound judicial discretion." *Cerro Metal Prods. v. Marshall*, 620 F.2d 964, 970 (3d Cir. 1980); *see also Flavo-Rich*, 18 V.I. at 532. Certain quasi-policy reasons for refusing to require an employee to exhaust administrative remedies apply here. For instance, the court in *St. Thomas & St. John Police* held that "[t]he Commissioner of the Virgin Islands Police Department and the V.I. Government cannot frustrate a clear mandate of law by using the grievance provision of the CBA to forestall the granting of disability benefts." *St. Thomas & St. John Police*, 27 V.I. at 145-146. Again, when the dispute is over governmental compliance with a clear statutory mandate, the employee need not exhaust administrative remedies, especially since the original purpose of requiring administrative review (streamlining of procedures) would be frustrated. As discussed in subsection A *supra*, the meaning of the pay differential statute is clear and must be applied irrespective of whether Plaintiff attempted administrative remedies.

### C. Plaintiff Has Standing to Bring This Matter.

■ Defendants insist that Plaintiff has no standing to pursue a claim individually against the government because he is not a party to the contract. It is true that individual employees who are union members have no standing to challenge, in a suit against an employer, an arbitration proceeding to which the union and employer were the sole parties, except on the grounds of fraud, deceit, or breach of union's duty of fair representation. *Shores v. Peabody Coal Co.*, 831 F.2d 1382, 1383 (7th Cir. 1987) (emphasis supplied) (*citing* Labor Management Relations Act of 1947, § 301, 29 U.S.C.A. § 185). However, this rule applies very sensibly to a case in which the dispute has been arbitrated to award, not, as here, to a situation in which the employee is requesting judicial clarification of his statutory rights. Clearly, this rule does not apply to the case at hand.

Plaintiff's claim concerns payment pursuant to 3 V.I. CODE ANN. § 570, a statute which was cited in the CBA. He would clearly have had standing to sue for the pay differential after submitting his claim to the grievance procedure set up in the CBA, if, in fact, he were required to

submit to the grievance procedure. *Cf. Brown v. Sterling Aluminum Products Corp.*, 365 F.2d 651, 657 n.5 (8th Cir. 1966). However, as was demonstrated above in subsection B, when a plaintiff sues to establish a statutory right independent of the collective bargaining agreement, it is not required that he attempt internal grievance procedures.

## IV. Conclusion

In accordance with the foregoing analysis, this Court will grant a declaratory judgment in favor of Plaintiff and remand the matter for further proceedings on the issue of whether and/or when Plaintiff made his foal submission to the BOC Director of Personnel for a pay differential. An appropriate declaratory judgment follows.